28. The Library did not offer any other reason why Plaintiff's event conflicted with the Library's Meeting Room Policy.

29. Plaintiff desires to hold the Politics and the Pulpit event prior to future elections in Ohio, and also desires to hold other similar events in the Library's meeting rooms in the future, but is prohibited from doing so under the Library's Meeting Room Policy.

## LEGAL ALLEGATIONS

30. All alleged acts of the Library, its officers, agents, servants, employees, and persons acting at its behest, were done and continue to be done under the color and pretense of state law, including the statute, regulations, customs, policies, and usages of the Upper Arlington Public Library system and the State of Ohio.

31. As alleged in greater detail below, the Library's Meeting Room Policy, both on its face and as applied to Plaintiff, violates Plaintiff's federal and state constitutional rights.

32. As a direct result of the Library's violation of Plaintiff's federal and state constitutional rights, as alleged below, Plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

33. As a direct result of the Library's violation of Plaintiff's federal and state constitutional rights, as alleged below, Plaintiff is entitled to recover nominal damages.

Dockets.Justia.com

# CLAIMS FOR RELIEF

## I. First Claim: Violation of the Free Speech Clause of the First Amendment to the United States Constitution.

34. The allegations contained in all preceding paragraphs are incorporated herein by reference.

35. The Library has intentionally made its meeting rooms generally available to the public for a broad range of speech that is fully protected by the First Amendment.

36. Religious speech, including the speech that occurs at Plaintiff's Politics and the Pulpit presentations, is protected speech under the First Amendment.

37. The Meeting Room Policy and the Library's enforcement thereof:

   a. Singles out religious speech for discriminatory treatment;

   b. Conditions access to generally available public facilities on the content of the applicant's speech;

   c. Discriminates against speech on the basis of the speaker's viewpoint;

   d. Restrains constitutionally-protected speech in advance of its expression, with virtually no standards to guide the discretion of Library officials charged with enforcing the policies; and

   e. Chills the speech of Plaintiff and other individuals and organizations subject to the Meeting Room Policy.

38. The Library has no compelling reason that would justify denying Plaintiff or other religious speakers access to generally available public facilities solely on the basis of the viewpoint and content of their speech.

8

39. Accordingly, the Library's Meeting Room Policy and its enforcement thereof violate Plaintiff's right to the freedom of speech under the First Amendment to the United States Constitution, as applicable to the states under the Fourteenth Amendment.

WHEREFORE, Plaintiff respectfully prays that the Court grant the equitable and legal relief set forth in the prayer for relief.

## II. Second Claim: Violation of the Free Exercise Clause of the First Amendment to the United States Constitution.

40. The allegations contained in all preceding paragraphs are incorporated herein by reference.

41. Plaintiff desires to meet for religious expression and activity motivated by its sincerely-held religious beliefs.

42. The Library's Meeting Room Policy is neither facially neutral nor generally applicable.

43. The Library's enforcement of its Meeting Room Policy selectively imposes a substantial burden on Plaintiff's sincerely-held religious beliefs by restricting its access to generally available public facilities based upon the religious nature of its beliefs, speech, and conduct.

44. The Library has no compelling reason that would justify denying Plaintiff, or any other organization, equal access to a general available public forum solely on the basis of its religious beliefs, speech, and conduct.

45. Accordingly, the Meeting Room Policy and the Library's enforcement thereof violate Plaintiff's right to the free exercise of religion under the First Amendment to the United States Constitution, as applicable to the states under the Fourteenth Amendment.

9

WHEREFORE, Plaintiff respectfully prays that the Court grant the equitable and legal relief set forth in the prayer for relief.

### III. Third Claim: Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

46. The allegations contained in all preceding paragraphs are incorporated herein by reference.

47. The Equal Protection Clause requires the government to treat similarly-situated persons equally.

48. Under its Meeting Room Policy, the Library has allowed similarly-situated organizations to use Library meeting rooms and engage in a wide variety of speech activities, but has refused to allow Plaintiff the same access, solely because of the religious nature of Plaintiff's speech.

49. The Library has no compelling reason that would justify excluding Plaintiff from these generally available public facilities solely on the basis of the religious nature of Plaintiff's speech.

50. Accordingly, the Meeting Room Policy and the Library's enforcement thereof violate Plaintiff's right to the equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff respectfully prays that the Court grant the equitable and legal relief set forth in the prayer for relief.

## IV. Fourth Claim: Violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

51. The allegations contained in all preceding paragraphs are incorporated herein by reference.

52. The Meeting Room Policy is vague and lacks sufficient objective standards to cabin the discretion of Library officials.

53. The lack of objective standards allows the Library to enforce the policy in an *ad hoc* and discriminatory manner based on the content or viewpoint of speech.

54. The Library cannot articulate a compelling reason that would justify excluding Plaintiff from a generally available public forum solely on the basis of Plaintiff's religious expression.

55. Accordingly, the Meeting Room Policy and the Library's enforcement thereof violate Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff respectfully prays that the Court grant the equitable and legal relief set forth in the prayer for relief.

## V. Fifth Claim: Violation of Article I, Section 7 of the Ohio Constitution.

56. The allegations contained in all preceding paragraphs are incorporated herein by reference.

57. Pursuant to Article I, Section 7 of the Ohio Constitution, the free exercise of religion is a guaranteed right and shall not be subject to discrimination by the government.

58. Plaintiff's desire to meet for religious expression and activity is motivated by its sincerely-held religious beliefs.

59. The Library's enforcement of its Meeting Room Policy selectively imposes a substantial burden on Plaintiff's sincerely-held religious beliefs by restricting its access to generally available public facilities based upon the religious nature of its beliefs, speech, and conduct.

60. The Library has no compelling reason that would justify denying Plaintiff, or any other organization, equal access to a general available public forum solely on the basis of its religious beliefs, speech, and conduct.

61. Accordingly, the Meeting Room Policy and the Library's enforcement thereof violate Article I, Section 7 of the Ohio Constitution.

WHEREFORE, Plaintiff respectfully prays that the Court grant the equitable and legal relief set forth in the prayer for relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Citizens for Community Values prays for judgment against Defendant and respectfully requests this Court to:

A. Preliminarily and permanently enjoin the enforcement of the Library's Meeting Room Policy to the extent it violates Plaintiff's federal and state constitutional rights;

B. Declare that the Library's Meeting Room Policy is facially unconstitutional and violates Plaintiff's rights as guaranteed under the First and Fourteen Amendments to the United States Constitution, and Article I, Section 7 of the Ohio Constitution;

C. Declare that the Library's Meeting Room Policy is unconstitutional as applied to Plaintiff, and violates Plaintiff's rights guaranteed under the First and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the Ohio Constitution;

D. Award Plaintiff nominal damages arising from the acts of the Defendant;

E.   Award Plaintiff its costs and expenses of this action, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988 and other applicable law;

F.   Grant any other relief that the Court deems equitable, just, and proper;

G.   Adjudge, decree, and declare the rights and other legal relations of the parties to the subject matter here in controversy, in order that such declarations shall have the force and effect of final judgment; and

H.   Retain jurisdiction of this matter as necessary to enforce the Court's orders.

\* \* \* \* \* \*