IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CITIZENS FOR COMMUNITY VALUES, INC., :
:
    Plaintiff, :    Case No. 2:08-cv-00223-GCS-NMK
:
vs. :    Judge George C. Smith
:    Magistrate Judge Norah McCann King
:
UPPER ARLINGTON PUBLIC LIBRARY :
BOARD OF TRUSTEES, :
:
    Defendant. :

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

    Plaintiff, by and through counsel and pursuant to Fed. R. Civ. P. 65(a), respectfully moves this Court for a preliminary injunction prohibiting Defendant from continuing to violate Plaintiff's constitutional rights. Unless such injunction issues, Plaintiff will continue to suffer irreparable harm. As grounds for this motion, Plaintiff states:

    1.    Defendant Upper Arlington Public Library Board of Trustees (hereinafter the "Library") adopted a Meeting Room Policy that allows outside organizations to use library meeting rooms for a broad array of topics. The first paragraph of the Policy states:

> As an institute of education for democratic living, the library welcomes the use of its meeting rooms for cultural activities and discussion of public questions and social issues. Our meeting rooms are available on equal terms to all groups in the community regardless of the beliefs and affiliations of their members.

(Verified Complaint ("Compl.") ¶ 12.)

    2.    Notwithstanding the foregoing provision, the Meeting Room Policy expressly prohibits the use of meeting rooms for "commercial, religious, or political campaign meetings."

"Committees affiliated with a church" are allowed "provided no religious services are involved." (Compl. ¶ 13.)

3. The Meeting Room Policy does not define what constitutes a "religious meeting" or a "religious service," or what it means to be "affiliated with a church." (Compl. ¶ 14.)

4. Groups seeking to use a meeting room are required to obtain prior approval from a Library employee, who reviews the content of the event prior to granting approval. If there is a question about whether a particular event qualifies under the Meeting Room Policy, it is referred to the Library Director, who makes the final determination. (Compl. ¶¶ 15-16.)

5. On February 14, 2008, a representative from Plaintiff Citizens for Community Values faxed a letter and application to the Library's Community Relations Manager, Ruth McNeil, requesting permission to use a meeting room for a "Politics and the Pulpit" event on February 27, 2008. (Compl. ¶ 24.)

6. Plaintiff's "Politics and the Pulpit" presentation includes four elements: (1) a discussion of what the Bible teaches regarding involvement by Christians, Pastors, and Churches in politics; (2) a discussion of the current status of the law regarding political involvement by Christians, pastors, and churches; (3) a time of prayer petitioning God for guidance on the Church's proper role in the political process; and (4) a time of singing praise and giving thanks to God for the freedom we have in this country to participate in the political process. (Compl. ¶ 10.)

7. The next day, a representative from the Library's Community Relations department notified Plaintiff, by telephone and fax, that the Library intended to accommodate Plaintiff's request. (Compl. ¶ 25.)

8. A few days later, Ruth McNeil contacted Barry Sheets of CCV and informed him that the Library had reconsidered Plaintiff's request to use a meeting room. In a follow-up letter dated February 21, 2008, Ann Moore, the Library Director, explained that the first two elements of Plaintiff's event were permissible under the Meeting Room Policy, but the last two were not. She explained that the prohibited activities are "inherent elements of a religious service." (Compl. ¶¶ 26-27.)

9. Plaintiff is likely to succeed on the merits of this case. Its speech is fully protected by the First Amendment. The Library's meeting rooms are designated public forums, from which Plaintiff is being impermissibly excluded.

10. Plaintiff sincerely believes: that the Bible is the inspired Word of God and as such is the source of, among other things, all ethical standards governing the affairs of men; that the God of the Bible is sovereign over all areas of life, including the socio-political order; and, finally, that the Bible teaches that Christian pastors have a duty to preach and teach the foregoing truths and that Christians in general have a duty to participate in the political process. (Compl. ¶ 8.)

11. The Library is imposing a substantial burden on Plaintiff's beliefs by excluding Plaintiff from an otherwise available forum.

12. While Plaintiff's interest in engaging in free speech and free religious exercise is high, the Library's censorship serves no valid interest. The only interest the Library cites is a mistaken fear that allowing religious speech in a Library meeting room would violate the Establishment Clause. But the Supreme Court has long held that a policy of equal access to a government forum for private religious speech creates no appearance of government

endorsement. *See, e.g., Rosenberger v. Rector and Visitors of the Univ. of Virginia*, 515 U.S. 819 (1995).

13. The Library rejected Plaintiff's request to use a meeting room solely because of the religious speech that was to take place at Plaintiff's event. (Compl. ¶¶ 30-31.) This censorship is viewpoint-based, the most egregious form of content-based discrimination.

14. As argued more fully in Plaintiff's Memorandum in Support of this Motion (separately filed and incorporated herein by reference), Plaintiff is likely to succeed on the merits of its constitutional claims. The Policy is a viewpoint- and content-based restriction on Plaintiff's right to the freedom of speech in a generally available public facility, burdens Plaintiff's right to the free exercise of religion, discriminates against Plaintiff on the basis of the viewpoint and content of its speech in violation of Plaintiff's right to the equal protection of the laws, and is vague and affords unfettered discretion to the Library in violation of Plaintiff's right to the due process of law.

15. If "a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated." *Bonnell v. Lorenzo,* 241 F.3d 800, 809 (6th Cir. 2001) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Since the Policy violates Plaintiff's federal and state constitutional rights, Plaintiff is suffering irreparable harm.

16. If a plaintiff "shows a substantial likelihood that the challenged law is unconstitutional, no substantial harm to others can be said to inhere in its enjoyment." *Déjà Vu of Nashville, Inc. v. Metro. Gov't of Nashville and Davidson County, Tennessee*, 274 F.3d 377, 400 (6th Cir. 2001) (citing *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998)). If a preliminary injunction is issued, the Library will suffer no harm. The Library currently allows community groups and nonprofit organizations, including Plaintiff, to use its meeting rooms for

a wide array of topics from secular perspectives. An injunction will merely allow those same meetings from religious perspectives. The Library will be able to retain all of its other conditions for use of the meeting rooms.

17. "It is always in the public interest to prevent the violation of a party's constitutional rights." *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994). Thus, granting this injunction will be in the public's best interest.

Accordingly, Plaintiff Citizens for Community Values respectfully requests that this Court preliminarily enjoin the Library from enforcing its unconstitutional policy prohibiting Plaintiff from accessing the Library's meeting rooms for its "Politics and the Pulpit" event and other similar events.

* * * * * *

Respectfully submitted,

/s/ *David R. Langdon*

| | |
|---|---|
| Benjamin W. Bull[+] | David R. Langdon |
| AZ Bar No. 009940 | OH Bar No. 0067046 |
| Attorney for Plaintiff | Attorney for Plaintiff |
| ALLIANCE DEFENSE FUND | LANGDON & HARTMAN LLC |
| 15100 N. 90th Street | 11175 Reading Road, Ste. 104 |
| Scottsdale, Arizona 85260 | Cincinnati, Ohio 45241 |
| Telephone: (480) 444-0020 | Telephone: (513) 733-1038 |
| Email: bbull@telladf.org | Email: dlangdon@langdonlaw.com |
| | |
| Kevin H. Theriot* | Timothy D. Chandler* |
| KS Bar No. 21565 | CA Bar No. 234325 |
| Attorney for Plaintiff | Attorney for Plaintiff |
| ALLIANCE DEFENSE FUND | Heather Gebelin Hacker* |
| 15192 Rosewood | AZ Bar No. 024167, CA Bar No. 249273 |
| Leawood, Kansas 66224 | Attorney for Plaintiff |
| Telephone: (913) 685-8000 | ALLIANCE DEFENSE FUND |
| Email: ktheriot@telladf.org | 101 Parkshore Drive, Suite 100 |
| | Folsom, California 95630 |
| | Telephone: (916) 932-2850 |
| | Email: tchandler@telladf.org |
| | hghacker@telladf.org |

*Motion for admission *pro hac vice* filed concurrently
+Of Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. In addition, I hereby certify that the foregoing document will be served upon the named defendant with the complaint.

>/s/ *David R. Langdon*
>David R. Langdon
>OH Bar No. 0067046
>Attorney for Plaintiff
>Langdon & Hartman LLC
>11175 Reading Road, Ste. 104
>Cincinnati, Ohio 45241
>Telephone: (513) 733-1038
>Email: dlangdon@langdonlaw.com