IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CITIZENS FOR COMMUNITY VALUES, INC., | : | |
| Plaintiff, | : | Case No. 2:08-cv-00223 |
| v. | : | Judge George C. Smith |
| | : | Magistrate Judge King |
| UPPER ARLINGTON PUBLIC LIBRARY BOARD OF TRUSTEES, | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INUNCTIONS, AND NOMINAL DAMANGES**

NOW COMES Defendant Upper Arlington Public Library Board of Trustees ("Defendant" or "the Library"), by and through its counsel SCHOTTENSTEIN, ZOX & DUNN, and for its Answer to the Verified Complaint for Declaratory Judgment, Preliminary and Permanent Injunctions, and Nominal Damages in the within matter states as follows:

With regard to the introductory non-numbered paragraph, Defendant admits that Plaintiff seeks declaratory judgment, preliminary and permanent injunctions, nominal damages, and costs and fees, but denies that it has violated Plaintiff's federal and state constitutional rights and denies that Plaintiff is entitled to the relief sought or to any other relief.

**RESPONSE TO JURISICTION AND VENUE**

1.	Answer Paragraph No. 1 of the Verified Complaint, Defendant admits the allegations contained therein, but avers that Plaintiff cannot maintain its claims as a matter of law.

2. Answer Paragraph No. 2 of the Verified Complaint, Defendant admits the allegations contained therein, but avers that Plaintiff cannot maintain its claims as a matter of law.

3. Answer Paragraph No. 3 of the Verified Complaint, Defendant admits the allegations contained therein, but avers that Plaintiff is not entitled to the relief sought or to any other relief.

4. Answer Paragraph No. 4 of the Verified Complaint, Defendant admits the allegations contained therein, but avers that Plaintiff cannot establish its claims as a matter of law.

## RESPONSE TO IDENTIFICATION OF THE PLAINTIFF

5. Answer Paragraph No. 5 of the Verified Complaint, Defendant admits, upon information and belief, that Plaintiff is a nonprofit corporation organized under the laws of the State of Ohio, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and denies the same on that basis.

## RESPONSE TO IDENTIFICATION OF DEFENDANT

6. Answer Paragraph No. 6 of the Verified Complaint, Defendant admits the allegations contained therein.

## RESPONSE TO FACUTAL ALLEGATIONS

7. Answer Paragraph No. 7 of the Verified Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and denies the same on that basis.

8. Answer Paragraph No. 8 of the Verified Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and denies the same on that basis.

9. Answer Paragraph No. 9 of the Verified Complaint, Defendant admits that Plaintiff's representatives contacted a representative of the Library about reserving its public meeting room space to hold an event entitled "Politics and the Pulpit" at the Library on February 27, 2008, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and denies the same on that basis.

10. Answer Paragraph No. 10 of the Verified Complaint, Defendant admits, upon information and belief, the allegations contained therein.

11. Answer Paragraph No. 11 of the Verified Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and denies the same on that basis.

12. Answer Paragraph No. 12 of the Verified Complaint, Defendant states that the Library's Meeting Room Policy, which Plaintiff attached as Exhibit 1 to the Verified Complaint, speaks for itself, and therefore denies the allegations contained therein.

13. Answer Paragraph No. 13 of the Verified Complaint, Defendant states that the Library's Meeting Room Policy, which Plaintiff attached as Exhibit 1 to the Verified Complaint, speaks for itself, and therefore denies the allegations contained therein.

14. Answer Paragraph No. 14 of the Verified Complaint, Defendant states that the Library's Meeting Room Policy, which Plaintiff attached as Exhibit 1 to the Verified Complaint, speaks for itself, and therefore denies the allegations contained therein.

15. Answer Paragraph No. 15 of the Verified Complaint, Defendant admits that groups seeking to use a meeting room must fill out an *Upper Arlington Public Library Organizational Profile for Meeting Room Reservation* form wherein they must agree to abide by Defendant's meeting room policy and that Defendant maintains the right to deny a request for use that does not comply with the policy. Further answering, Defendant denies each and every other allegation contained therein.

16. Answer Paragraph No. 16 of the Verified Complaint, Defendant states that the Library's Meeting Room Policy, which Plaintiff attached as Exhibit 1 to the Verified Complaint, speaks for itself, and therefore denies the allegations contained therein.

17. Answer Paragraph No. 17 of the Verified Complaint, Defendant admits that the Library's Board of Trustees formed an Ad Hoc Meeting Room Use Committee in 2007 to explore whether the Meeting Room Policy needed to be changed and that three members of the Board of Trustees Jack Burtch, Bryce Kurfees and John Magill were on this Committee. Further answering, Defendant denies that Library Director Ann Moore was also on this Committee, but aver that she attended the Committee meetings.

18. Answer Paragraph No. 18 of the Verified Complaint, Defendant admits the allegations contained therein.

19. Answer Paragraph No. 19 of the Verified Complaint, Defendant states that the Committee's meeting notes from June 5, 2007, which Plaintiff attached as Exhibit 2 to its Verified Complaints, speak for themselves and, therefore, denies the allegations contained therein.

20. Answer Paragraph No. 20 of the Verified Complaint, Defendant states that the Committee's meeting notes from June 5, 2007, which Plaintiff attached as Exhibit 2 to its

Verified Complaint, speak for themselves. Further answering, Defendant states that the minutes from the Board of Trustee's meeting on February 20, 2007, which Plaintiff has attached as Exhibit 3 to its Verified Complaint, also speak for themselves. Defendant, therefore, denies the allegations contained therein.

21. Answer Paragraph No. 21 of the Verified Complaint, Defendant states that the Committee meeting notes from June 14, 2007, which Plaintiff has attached as Exhibit 2 to its Verified Complaint, speak for themselves and, therefore, denies the allegations contained therein.

22. Answer Paragraph No. 22 of the Verified Complaint, Defendant admits the allegations contained therein, but denies that its Meeting Room Policy is unconstitutional.

23. Answer Paragraph No. 23 of the Verified Complaint, Defendant admits the allegations contained therein.

24. Answer Paragraph No. 24 of the Verified Complaint, Defendant admits the allegations contained therein, but avers that the *Upper Arlington Public Library Organizational Profile for Meeting Room Reservation* form, which is included within Exhibit 2 to Plaintiff's Verified Complaint, was filled out and signed by Plaintiff's representative on February 13, 2008, not February 14, 2008, and that it was faxed to Jan Mell in Defendant's Community Relations Department that day.

25. Answer Paragraph No. 25 of the Verified Complaint, Defendant admits that on February 15, 2008, Jan Mell spoke to Plaintiff's representative about Plaintiff's request to use the Friends Theatre on February 27, 2008, from 7:00 p.m. to 8:30 p.m. and sent a fax to Plaintiff's representative at his request that day confirming this reservation, which Plaintiff attached as Exhibit 5 to its Verified Complaint and which speaks for itself. Further answering, Defendant

avers that Ms. Mell did not review the *Upper Arlington Public Library Organizational Profile for Meeting Room Reservation* form completed and signed by Plaintiff's representative or the letter Plaintiff's representative faxed to the Library on February 14, 2008, before faxing him this confirmation on February 15, 2008. Defendant denies each and every other allegation contained therein.

26. Answer Paragraph No. 26 of the Verified Complaint, Defendant admits that Ruth McNeil spoke to Plaintiff's representative Barry Sheets on or about February 20, 2008, about Plaintiff's request to use the Library's meeting room space, but denies that she told him that "the Library had reconsidered Plaintiff's request to use a meeting room." Further answering, Defendant admits that Library Director Ann Moore sent a letter to Mr. Sheets, at his request, which Plaintiff attached as Exhibit 6 to its Verified Complaint and which speaks for itself. Defendant denies each and every other allegation contained therein.

27. Answer Paragraph No. 27 of the Verified Complaint, Defendant states that Library Director Ann Moore's letter to Plaintiff's representative speaks for itself, and therefore denies the allegations contained therein.

28. Answer Paragraph No. 28 of the Verified Complaint, Defendant states that Library Director Ann Moore's letter to Plaintiff's representative speaks for itself, and therefore denies the allegations contained therein.

29. Answer Paragraph No. 29 of the Verified Complaint, Defendant denies that the Library's Meeting Room Policy prohibits Plaintiff from engaging in the religious discussion aspects of the proposed "Politics and the Pulpit" event. Further answering, Defendant avers that the remaining allegations contained in Paragraph No. 29 constitute Plaintiff's subjective

intentions, which Defendant is incapable of admitting or denying. Defendant denies each and every other allegation contained therein.

## RESPONSE TO LEGAL ALLEGATIONS

30. Answer Paragraph No. 30 of the Verified Complaint, Defendant avers that the allegations contained therein constitute legal conclusions and denies the same on that basis.

31. Answer Paragraph No. 31 of the Verified Complaint, Defendant denies the allegations contained therein.

32. Answer Paragraph No. 32 of the Verified Complaint, Defendant denies that it has violated Plaintiff's federal and state constitutional rights, denies that Plaintiff is suffering irreparable harm, and denies each and every other allegation contained therein.

33. Answer Paragraph No. 33 of the Verified Complaint, Defendant denies that it has violated Plaintiff's federal and state constitutional rights and denies that Plaintiff is entitled to nominal damages or to any damages.

## RESPONSE TO CLAIMS FOR RELIEF

### RESPONSE TO FIRST CLAIM:
### VIOLATION OF THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

34. Answer Paragraph No. 34 of the Verified Complaint, Defendant incorporates its responses to Paragraph Nos. 1 through 33 as if fully rewritten herein.

35. Answer Paragraph No. 35 of the Verified Complaint, Defendant admits that it has intentionally made its meeting rooms generally available to the public "for cultural activities and discussion of public questions and social issues," but avers that the remaining allegations contained therein constitute legal conclusions and denies the same on that basis.

36. Answer Paragraph No. 36 of the Verified Complaint, Defendant avers that the allegations contained therein constitute legal conclusions and denies the same on that basis.

37. Answer Paragraph No. 37 of the Verified Complaint, including subparagraphs (a) through (e), Defendant denies the allegations contained therein.

38. Answer Paragraph No. 38 of the Verified Complaint, Defendant denies that it denied Plaintiff or any other religious speakers access to its public meeting room space "on the basis of viewpoint and content of their speech." Further answering, Defendant avers that the remaining allegations contained therein constitute legal conclusions and denies the same on that basis.

39. Answer Paragraph No. 39 of the Verified Complaint, Defendant denies the allegations contained therein.

40. In response to the "WHEREFORE" clause in First Claim of the Verified Complaint, Defendant denies that Plaintiff is entitled to the relief sought or to any other relief.

### RESPONSE TO SECOND CLAIM: VIOLATION OF THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

41. Answer Paragraph No. 40 of the Verified Complaint, Defendant incorporates its responses to Paragraph Nos. 1 through 39 as if fully rewritten herein.

42. Answer Paragraph No. 41 of the Verified Complaint, Defendant states that the allegations contained therein constitute Plaintiff's subjective intentions, which it is incapable of admitting or denying.

43. Answer Paragraph No. 42 of the Verified Complaint, Defendant denies the allegations contained therein.

44. Answer Paragraph No. 43 of the Verified Complaint, Defendant denies the allegations contained therein.

45. Answer Paragraph No. 44 of the Verified Complaint, Defendant denies that it denied Plaintiff, or any other organization, equal access to its facilities solely on the basis of religious beliefs, speech and conduct, and denies each and every other allegation contained therein.

46. Answer Paragraph No. 45 of the Verified Complaint, Defendant denies the allegations contained therein.

47. In response to the "WHEREFORE" clause in Second Claim of the Verified Complaint, Defendant denies that Plaintiff is entitled to the relief sought or to any other relief.

### RESPONSE TO THIRD CLAIM:
### VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

48. Answer Paragraph No. 46 of the Verified Complaint, Defendant incorporates its responses to Paragraph Nos. 1 through 45 as if fully rewritten herein.

49. Answer Paragraph No. 47 of the Verified Complaint, Defendant avers that the allegations contained therein constitute legal conclusions and denies the same on that basis.

50. Answer Paragraph No. 48 of the Verified Complaint, Defendant admits that it has allowed similarly-situated organizations to use its meeting rooms and to engage in a wide variety of speech activities. Further answering, Defendant denies that it refused to allow Plaintiff the same access and denies each and every other allegation contained therein.

51. Answer Paragraph No. 49 of the Verified Complaint, Defendant denies that it excluded Plaintiff from its public facilities and denies each and every other allegation contained therein.

52. Answer Paragraph No. 50 of the Verified Complaint, Defendant denies the allegations contained therein.

53. In response to the "WHEREFORE" clause in Third Claim of the Verified Complaint, Defendant denies that Plaintiff is entitled to the relief sought or to any other relief.

### RESPONSE TO FOURTH CLAIM:
### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITTUION

54. Answer Paragraph No. 51 of the Verified Complaint, Defendant incorporates its responses to Paragraph Nos. 1 through 50 as if fully rewritten herein.

55. Answer Paragraph No. 52 of the Verified Complaint, Defendant denies the allegations contained therein.

56. Answer Paragraph No. 53 of the Verified Complaint, Defendant denies the allegations contained therein.

57. Answer Paragraph No. 54 of the Verified Complaint, Defendant denies that it excluded Plaintiff from a generally available public forum and denies each and every other allegation contained therein.

58. Answer Paragraph No. 55 of the Verified Complaint, Defendant denies the allegations contained therein.

59. In response to the "WHEREFORE" clause in Fourth Claim of the Verified Complaint, Defendant denies that Plaintiff is entitled to the relief sought or to any other relief.

### RESPONSE TO FIFTH CLAIM:
### VIOLATION OF ARTICLE I, SECTION 7 OF THE OHIO CONSTITUTION

60. Answer Paragraph No. 56 of the Verified Complaint, Defendant incorporates its responses to Paragraph Nos. 1 through 55 as if fully rewritten herein.

61. Answer Paragraph No. 57 of the Verified Complaint, Defendant states that Article I, Section 7 of the Ohio Constitution speaks for itself, and therefore denies the allegations contained therein.

62. Answer Paragraph No. 58 of the Verified Complaint, Defendant avers that the allegations contained therein constitute Plaintiff's subjective intentions, which it is incapable of admitting or denying.

63. Answer Paragraph No. 59 of the Verified Complaint, Defendant denies that it restricted Plaintiff's access to generally available public facilities and denies each and every other allegation contained therein.

64. Answer Paragraph No. 60 of the Verified Complaint, Defendant denies that it denied Plaintiff, or any other organization, equal access to a generally available public forum and denies each and every other allegation contained therein.

65. Answer Paragraph No. 61 of the Verified Complaint, Defendant denies the allegations contained therein.

66. In response to the "WHEREFORE" clause in Fifth Claim of the Verified Complaint, Defendant denies that Plaintiff is entitled to the relief sought or to any other relief.

67. In response to the "PRAYER FOR RELIEF," including subparagraphs (A) through (H), Defendant denies that Plaintiff is entitled to the relief sought or to any other relief.

68. Defendant denies all the Complaint allegations not specifically admitted herein as true.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

69. Defendant avers that the Complaint and each and every other claim therein, fails

to state a claim upon which relief can be granted.

## SECOND DEFENSE

70. Defendant avers that Plaintiff's claims, in whole or in part, are barred by applicable statute of limitations.

## THIRD DEFENSE

71. Defendant avers that Plaintiff's claims, in whole or in part, are barred by the doctrine of laches, waiver, estoppel and/or unclean hands.

## FOURTH DEFENSE

72. Defendant avers that Plaintiff lacks standing to assert its claims because Defendant never denied Plaintiff access to its public meeting room facilities.

## FIFTH DEFENSE

73. Defendant claims immunity from liability as it was performing discretionary functions and acting in good faith, and its conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, such that its is entitled to qualified good faith immunity.

## SIXTH DEFENSE

74. Defendant avers that at all times and places mentioned in the Verified Complaint, it performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

## SEVENTH DEFENSE

75. Defendant avers that at all times and places mentioned in the Verified Complaint, it acted without malice and with a good faith belief in the propriety of its conduct.

## EIGHTH DEFENSE

76. Defendant avers that its conduct, at all times material herein, was privileged

and/or justified under applicable law.

## NINTH DEFENSE

77. Defendant asserts the various immunities conferred upon it pursuant to the Ohio Revised Code and/or any other applicable provisions of law.

## TENTH DEFENSE

78. Defendant avers that Plaintiff is not entitled to injunctive relief because adequate remedies at law are available.

## ELEVENTH DEFENSE

79. Defendant avers that any right Plaintiff has to injunctive relief is outweighed by the public interest.

## TWELFTH DEFENSE

80. Defendant avers that it is entitled to legislative immunity for any actions alleged in the Verified Complaint.

## THIRTEENTH DEFENSE

81. Defendant avers that Plaintiff's damages, if any, were solely the result of its own actions or inactions and were unaffected by Defendant in any way.

## FOURTEENTH DEFENSE

82. Defendant avers that Plaintiff's claims are barred, in whole or in part, because it has failed and continues to fail to act reasonably to mitigate the damages which have been alleged in this action.

## FIFTEENTH DEFENSE

83. Defendant reserves the right to assert defenses, affirmative or otherwise, as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, having answered, Defendant Upper Arlington Public Library Board of Trustees prays that Plaintiff's Verified Complaint be dismissed, with prejudice and in its entirety; that judgment be entered against Plaintiff and in favor of Defendant for all costs and attorney's fees incurred in defending this action; and that Defendant be granted such other and further relief as the Court may deem just and proper.

        Respectfully submitted,
        SCHOTTENSTEIN, ZOX & DUNN

        /s/ Susan Porter
        Susan Porter, Esq. (0036867)
        250 West Street
        Columbus, Ohio 43215
        (614) 462-2314 (telephone)
        (614) 462-5135 (facsimile)
        E-mail: SPorter@szd.com
        *Trial Attorney for Defendant*

OF COUNSEL:
Angelique Paul Newcomb, Esq. (0068094)
SCHOTTENSTEIN, ZOX & DUNN
250 West Street
Columbus, Ohio 43215
(614) 462-2257 (telephone)
(614) 462-5135 (facsimile)
E-mail: ANewcomb@szd.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2008, a copy of the foregoing Defendant's Answer to Plaintiff's Verified Complaint was filed electronically and served upon the following individuals via the Court's electronic notification system:

>Timothy D. Chandler, Esq.
>ALLIANCE DEFENSE FUND
>101 Parkshore Drive, Suite 100
>Folsom, California 95630
>tchandler@telladf.org
>*Attorney for Plaintiff*

>and

>David R. Langdon, Esq.
>LANGDON & HARTMAN LLC
>11175 Reading Road, Suite 104
>Cincinnati, Ohio 45241
>dlangon@langdonlaw.com
>*Attorney for Plaintiff*

/s/ Angelique Paul Newcomb
Angelique Paul Newcomb