**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

CITIZENS FOR COMMUNITY VALUES, INC., :
                                             :

             Plaintiff,           :      Case No. 2:08-cv-00223-GCS-NMK
                                             :

        vs.                 :      Judge George C. Smith
                                           :      Magistrate Judge Norah McCann King
                                           :

UPPER ARLINGTON PUBLIC LIBRARY   :
BOARD OF TRUSTEES,                 :
                                           :

            Defendant.           :

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES**

---

### INTRODUCTION

The Supreme Court has long recognized that the freedom of speech and the freedom of

religion are in a "preferred position" among our most cherished fundamental rights. *See, e.g.,*

*Murdock v. Pennsylvania*, 319 U.S. 105, 115 (1943); *Thomas v. Collins*, 323 U.S. 516, 530

(1945) (noting the "preferred place given in our scheme to the great, the indispensible

democratic freedoms secured by the First Amendment."). This case continues in that tradition,

enjoining the Defendant Upper Arlington Public Library Board of Trustees (the "Library") from

denying access to its meeting room based on the applicant's religious viewpoint—a particularly

"egregious" form of discrimination. *Rosenberger v. Rector and Visitors of the Univ. of Va.*, 515

U.S. 819, 829 (1995).

This case arose when the Library refused to allow Plaintiff to use one of its meeting

rooms for an event discussing, from a religious perspective, the importance of being involved in

the political process. The Library objected to a meeting that included "inherent elements of a

religious service," such as prayer and religious songs. Plaintiff raised a number of constitutional

challenges to the Library's policy, asking this Court to enjoin the Library from prohibiting

Plaintiff from accessing the meeting rooms for this event and other similar events. This Court did

just that, concluding that a permanent injunction is necessary to prevent further irreparable harm

to Plaintiff and to serve the public interest. *See* August 14, 2008 Opinion and Order ("Order"), p.

31. [Docket # 19].

Because the public as a whole has an interest in ensuring that constitutional rights are

fully protected, Congress enacted 42 U.S.C. § 1988 to allow successful civil rights plaintiffs to

recover their fees and costs in vindicating those rights. *City of Riverside v. Rivera*, 477 U.S. 561,

574 (1986). To this end, Plaintiff respectfully requests this Court grant its fees and costs in

litigating this matter.

## I.      An award of attorneys' fees and expenses is appropriate in this case.

In this circuit, the initial burden is on the fee applicant to "establish[] entitlement to an

award and document[] the appropriate hours expended." *Dowling v. Litton Loan Servicing, LP*,

2008 WL 906042 (S.D. Ohio 2008) (quotation marks and citation omitted) (Ex. 1). Once met,

"the burden shifts to the adverse party to demonstrate that a particular entry represents frivolous

work." *Id.* (citation omitted). As shown below, as the prevailing party in this matter, Plaintiff is

entitled to an award of attorneys' fees and expenses under 42 U.S.C. § 1988. And Plaintiff's

counsel concurrently submits itemized statements detailing the hours they have expended

successfully litigating this matter. As such, Plaintiff has satisfied its burden, and an award of fees

and expenses is appropriate in this case.

### A. Plaintiff is the prevailing party in this case.

In any action to enforce the federal civil rights laws, including 42 U.S.C. § 1983, section 1988 allows courts to award "the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." A plaintiff is considered a prevailing party when it obtains a "court-ordered change in the legal relationship between the plaintiff and the defendant." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001) (quotation marks and citation omitted).

Plaintiff brought this action under 42 U.S.C. § 1983 and obtained a permanent injunction against the Library, prohibiting it from "severing out and excluding activities from its meeting rooms that it concludes are 'inherent elements of a religious service' or elements that are 'quintessentially religious.'" *See* Order, p. 31. This injunction "materially alters the legal relationship" between Plaintiff and the Library "by modifying the [Library's] behavior in a way that directly benefits" Plaintiff, who now has equal access to the Library's meeting rooms. *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). Thus, Plaintiff is a prevailing party in this matter. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("plaintiffs may be considered 'prevailing parties' for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit.") (quoting *Nadean v. Helgemoe*, 581 F.2d 275 278-79 (1st Cir. 1978)).

### B. A prevailing party should be granted its reasonable fees and expenses "as a matter of course."

Once a plaintiff is deemed to be a prevailing party, the court has narrow discretion to deny attorneys' fees under § 1988. "[T]he Supreme Court has held that although it is within the district court's discretion to award attorney's fees under section 1988, in the absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff."

*Morscott, Inc. v. City of Cleveland*, 936 F.2d 271, 272 (6th Cir. 1991) (quotation marks and citations omitted; emphasis in original). In fact, "a prevailing plaintiff should receive fees almost as a matter of course." *Smith v. Heath*, 691 F.2d 220, 228 (6th Cir. 1982) (quoting *Dawson v. Pastrick*, 600 F.2d 70, 79 (7th Cir. 1979)); *see also Maloney v. City of Marietta*, 822 F.2d 1023, 1024 (11th Cir. 1987) (fees should be granted to a prevailing party "as a matter of course") (citation omitted).

A court's authority to award reasonable attorneys' fees under § 1988 "includes the 'authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services such as reasonable photocopying, paralegal expenses, and travel and telephone costs.'" *Citizens Against Pollution v. Ohio Power Co.*, 484 F. Supp. 2d 800, 815 (S.D. Ohio 2007) (quotation marks and citation omitted). As such, Plaintiff is also entitled to recover its non-taxable expenses.

## II.     The Plaintiff's requested fees and non-taxable expenses are reasonable.

"The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008) (citing *Hensley*, 461 U.S. at 433). The Supreme Court has described the lodestar figure as "the guiding light" of its fee shifting jurisprudence, and the figure represents a "strong presumption" of the reasonable fee award in § 1988 cases. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

### A.      The parties have stipulated to reasonable hourly rates.

"Attorneys fees under § 1988 are to be based on market rates for the services rendered. Ordinarily, courts look to rates prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience and reputation.'" *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quotation marks and citations omitted). The parties have stipulated that the following hourly rates are reasonable based on the prevailing rates in this community: $325.00 for Kevin H. Theriot, Esq., $285.00 for David R. Langdon, Esq., $200.00 for Timothy D. Chandler, Esq., and $75.00 for Michele L. Schmidt, CP.[1]

### B.    The hours expended by Plaintiff's counsel on this case are reasonable.

#### 1.    *Counsel's time in pursuing and obtaining judicial relief is fully compensable.*

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435 (citation omitted). The Sixth Circuit agrees, having "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Imwalle*, 515 F.3d at 554 (quoting *Deja Vu of Nashville v. Metro. Gov't of Nashville and Davidson County*, 421 F.3d 417, 423 (6th Cir. 2005)). "When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney's fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Id*. (quoting *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1169 (6th Cir. 1996)).

All of Plaintiff's claims involve both a common set of facts and related legal theories. This case arose out of a single event—the Library's refusal to allow Plaintiff to hold its "Politics

---

[1] The stipulation is filed concurrently with this memorandum.

and the Pulpit" event in one of its meeting rooms. The Library discriminated against Plaintiff's religious speech and exercise, giving rise to related constitutional claims under the Free Speech, Free Exercise, Equal Protection, and Due Process Clauses. And each claim sought precisely the same relief—which Plaintiff successfully obtained: the Library is "permanently enjoined from severing out and excluding activities from its meeting rooms that it concludes are 'inherent elements of a religious service' or 'elements that are quintessentially religious.'" *See* Order, p. 31.

"Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley*, 461 U.S. at 435. Because Plaintiff obtained the result it was seeking, and could not have achieved a greater result under any other constitutional theory it raised, full compensation is appropriate.

### 2. *Counsel's time preparing its request for fees and costs is also fully compensable.*

Counsel's time spent preparing the motion, memorandum, and supporting documentation in connection with Plaintiff's motion for attorneys' fees and costs is also compensable. The Sixth Circuit has explained that the "implementation of Congressional policy requires the awarding of attorney's fees for time spent pursuing attorney's fees. . . ." *Weisenberger v. Huecker*, 593 F.2d 49, 54 (6th Cir. 1979). The purpose of § 1988 was to shift the "costs of litigation to those who infringe upon basic civil rights." *Id.* Therefore, a prevailing party should be able to secure its reasonable fees without incurring additional expense. *Id.*; *see also White v. Morris*, 863 F. Supp. 607, 611 (S.D. Ohio 1994).

### 3. *Plaintiff's counsel has exercised billing judgment to eliminate from its request time that is excessive, redundant, or unnecessary.*

The Supreme Court requires fee applicants to exercise "billing judgment," i.e., to make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley*, 461 U.S. at 434. This Court has also adopted this guideline: "With respect to the hours reasonably expended, the applicant must not only document those hours but also exercise billing judgment by eliminating all hours that would not be appropriate if billed to a fee paying client." *See Merkel v. Scovill, Inc.*, 590 F. Supp. 529, 533 (S.D. Ohio 1984).

Here, Plaintiff's counsel attaches itemized statements to their declarations (filed concurrently with this memorandum) detailing their time spent on this case, using contemporaneously-maintained time records. And counsel has taken specific measures to avoid over-billing. First, all the time records in this case were kept in tenth-hour (six minute) increments—even though courts have permitted attorneys to bill in as much as quarter-hour increments. *See, e.g., Does I, II, III v. District of Columbia*, 448 F. Supp. 2d 137, 142 (D.D.C. 2006); *United States v. $60,201.00 U.S. Currency*, 291 F. Supp. 2d 1126, 1131 (C.D. Cal. 2003). Second, as their declarations and itemized timesheets reflect, counsel has reduced or zeroed out time entries to ensure that any duplicative, unnecessary, or otherwise unreasonable time entries are excluded from the fees requested in this motion. Finally, although much of the attorney work on this case was done by David Langdon and Timothy Chandler, other attorneys have been actively involved in this case. And most of that time has been excluded from Plaintiff's fee motion. For example, as the itemized time statements demonstrate, Kevin Theriot was significantly involved in the strategic discussions and decision-making in this case. Yet the only time included in this motion is his time spent reviewing the pleadings and orders. Additionally, Heather Gebelin Hacker also advised and assisted on this case, but none of her time is included

in Plaintiff's motion. Given these measures, the amount of compensable time requested in

Plaintiff's motion is reasonable.

**4.**    ***Counsel's experience in other similar cases does not justify a reduction of the fee award.***

Defendant is expected to contend that the fee award should be reduced because Plaintiff's

counsel has been involved in similar constitutional cases in other jurisdictions.[2] But, as discussed

above, it is well established that prevailing parties are entitled to recover for their time actually

spent successfully litigating a case. Counsel's level of experience is most readily reflected in

their hourly billing rate, just as it would be reflected in a bill to a client. *See, e.g., Hatfield v. Oak*

*Hills Bank*, 222 F. Supp. 2d 988, 993 ("the hourly rate charged by an attorney for his or her

services will normally reflect the training, background, experience, and skill of the individual

attorney") (quotation marks and citation omitted). But experience is also a factor that may be

considered in determining the reasonableness of the hours spent litigating a case. In *Stahl v. Taft*,

for example, this Court rejected an argument that "the attorneys fees award should be reduced

because the work is duplicative or similar to work in [counsel's] other cases." 2006 WL 314496,

at *3 (S.D. Ohio 2006) (Ex. 2).  Acknowledging that "every experienced attorney uses

information learned in similar cases to save time and cuts and pastes from previous work

whenever possible," the Court refused to reduce the fee award because it was evident that

counsel only sought compensation for time properly attributable to the case at hand.  *Id.*

---

[2] Nor should the fee award be reduced because Plaintiff is represented by a public interest law firm. The Supreme Court has said that an award of attorneys' fees may not be denied because the plaintiff is represented by a non-profit public interest group. *N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 70-71, n.9 (1980) ("We also reject petitioners' argument . . . that respondent's representation by a public interest group is a 'special circumstance' that should result in denial of counsel fees.").

Plaintiff's counsel has done the same in this case. Counsel has experience litigating

constitutional cases under 42 U.S.C. § 1983, including public forum cases similar to the present

matter.[3] This experience enabled counsel to complete certain tasks more quickly than counsel

without such experience may have been able to do. And this is reflected in counsel's itemized

time statements.[4] Where Plaintiff's pleadings discussed the relevant legal issues in a general

manner, counsel spent a minimal amount of time researching and preparing those pleadings.

Only where factual or legal issues arose that were unique to this case did the amount of time

spent researching and drafting increase. As such, the number of hours spent litigating this case is

reasonable. Without previous experience in this area of law, they could have been much higher.

### C.    Plaintiff's requested non-taxable expenses are reasonable.

Plaintiff requests reimbursement of $198.29 in non-taxable expenses. These out-of-

pocket litigation expenses were incurred for shipping, postage, copying, computerized legal

research, and a telephonic conference call to facilitate a court-ordered preliminary pretrial

conference. *See* Langdon Decl., ¶ 7; Chandler Decl., ¶ 7, Ex. B. As shown in the declarations and

itemized statements, these charges were actually and necessarily incurred.

---

[3] In fact, counsel is presently involved in two other very similar cases in this Court, *Vandergriff v. Clermont County Public Library Board of Trustees*, Case No. 1:08-cv-381 and *Citizens for Community Values, Inc. v. Union Township*, Case No. 1:08-cv-428. But both of these cases were filed after the parties had completed briefing on the motion for preliminary injunction in this case, so these cases were not of assistance here.

[4] For example, counsel spent less than six hours writing the initial draft of the Verified Complaint. Additional time spent on research in preparing the Complaint focused on the specific facts of this case and legal authority relevant to this particular jurisdiction. *See* Chandler Decl. Ex. A. An attorney with less experience in constitutional law would undoubtedly need more time to draft a complaint alleging five constitutional causes of action. By contrast, Plaintiff's reply memorandum in support of its motion for preliminary injunction required counsel to respond to a number of novel arguments or arguments specific to the facts of this case, which required additional time and research to prepare. *See id.*

## III.    An award of fees and costs would serve the public interest.

The purpose of this lawsuit was to "vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *City of Riverside*, 477 U.S. at 574. The "public as a whole has an interest in the vindication of rights conferred" by 42 U.S.C. § 1983 "over and above the value of a civil rights remedy to a particular plaintiff." *Id.* (quotation marks and citation omitted). Attorneys' fees are an interwoven part of this civil rights remedy scheme, ensuring that the civil rights plaintiff is able to get his "day in court" and to help "deter[] civil rights violations in the future." *Id.* at 575. Vindicating the free speech rights of the general public to use an otherwise available forum for religious expression is an important societal benefit.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its attorneys fees in the amount of $45,931.50, and its non-taxable expenses in the amount of $198.29. To the extent that Plaintiff's counsel is required to perform additional professional services in the prosecution of the present motion, Plaintiff requests that the Court also award the reasonable attorneys' fees and non-taxable expenses incurred. Any subsequent amounts shall be submitted in a supplemental filing by Plaintiff prior to the Court's entry of a final order.

Respectfully submitted this 26th day of September, 2008.

                                          /s/ *Timothy D. Chandler*
Benjamin W. Bull⁺                         Timothy D. Chandler*
AZ Bar No. 009940                         CA Bar No. 234325
Attorney for Plaintiff                    Attorney for Plaintiff
ALLIANCE DEFENSE FUND                     Heather Gebelin Hacker*
15100 N. 90th Street                      AZ Bar No. 024167, CA Bar No. 249273
Scottsdale, Arizona 85260                 Attorney for Plaintiff
Telephone: (480) 444-0020                 ALLIANCE DEFENSE FUND
Email: bbull@telladf.org                  101 Parkshore Drive, Suite 100
                                          Folsom, California 95630
Kevin H. Theriot*                         Telephone: (916) 932-2850
KS Bar No. 21565                          Email: tchandler@telladf.org
Attorney for Plaintiff                            hghacker@telladf.org
ALLIANCE DEFENSE FUND
15192 Rosewood                            David R. Langdon
Leawood, Kansas 66224                     OH Bar No. 0067046
Telephone: (913) 685-8000                 Attorney for Plaintiff
Email: ktheriot@telladf.org               LANGDON & HARTMAN LLC
                                          11175 Reading Road, Ste. 104
                                          Cincinnati, Ohio 45241
                                          Telephone: (513) 733-1038
                                          Email: dlangdon@langdonlaw.com


*Admitted *pro hac vice*
+Of Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2008, I electronically submitted the foregoing

document with the Clerk of Court using the CM/ECF system for filing and transmittal of a

Notice of Electronic Filing to the following CM/ECF registrants:

**Kevin Theriot**
ktheriot@telladf.org,jrennels@telladf.org

**David R Langdon**
dlangdon@langdonlaw.com

**Timothy D Chandler**
tchandler@telladf.org,mschmidt@telladf.org

**Heather Gebelin Hacker**
hghacker@telladf.org

*Counsel for Plaintiff*


**Angelique Paul Newcomb**
ANewcomb@szd.com

**Susan Porter**
sporter@szd.com

*Counsel for Defendant*


/s/ *Timothy D. Chandler*
Timothy D. Chandler
CA Bar No. 234325
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 932-2850
Email: tchandler@telladf.org