# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Citizens for Community Values, Inc.,**

      **Plaintiff,**

-v-

      Case No. C-2-08-223
      JUDGE SMITH
      Magistrate Judge King

**Upper Arlington Public Library**
**Board of Trustees,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. 21). Plaintiff requests a total of $51,410.50 in attorneys' fees and $198.29 in non-taxable expenses. Defendant has responded, asking the Court to deny Plaintiff's request in its entirety, or alternatively, to make an across-the-board reduction of Plaintiff's request by up to 80 percent (Doc. 36). Plaintiff has filed a Reply (Doc. 39). Thus, the matter is now ripe for determination. For the reasons set forth herein, Plaintiff's Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. 21) is **GRANTED IN PART AND DENIED IN PART** for a total attorneys' fee and cost award of $47,984.29.

### I. BACKGROUND

On March 7, 2008, Plaintiff Citizens for Community Values, Inc. filed its Verified Complaint for Declaratory Judgment, Preliminary and Permanent Injunctions, and Nominal Damages under 42 U.S.C. § 1983 against Defendant Upper Arlington Public Library Board of

Trustees, asserting violations of their rights under the First and Fourteenth Amendments of the United States Constitution and Section 7, Article I of the Ohio Constitution. On March 11, 2008, Plaintiff filed a Motion for Preliminary Injunction, seeking to enjoin the Library from enforcing its meeting room policy prohibiting Plaintiff from accessing the Library's meeting rooms for its "Politics and the Pulpit" event and other similar events. The parties agreed to consolidate the hearing with a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). On August 14, 2008, this Court granted Plaintiff's Motion for Preliminary Injunction, converting it to a permanent injunction and enjoining Defendant from severing out and excluding activities from its meeting rooms that it concludes are "inherent elements of a religious service" or elements that are "quintessentially religious." (*See* August 14, 2008 Opinion and Order, Doc. 19; *see also*, October 16, 2008 Final Judgement and Permanent Injunction Order, Doc. 35). In its Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. 21), Plaintiff requests attorneys' fees and costs pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54 and this Court's August 14, 2008 Opinion and Order (Doc. 19).

## II. DISCUSSION

Pursuant to 42 U.S.C. § 1988, in certain civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *See* 42 U.S.C. § 1988(b); *Hensley v. Eckerhart*, 461 U.S. 424, 426 (1983). When considering a motion for attorney fees, a court must first determine whether the petitioning party was the prevailing party. *See Hensley*, 461 U.S. at 433. Next, a Court determines what fee is "reasonable." *See id.*; *see also Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995). "The starting point for determining the amount of reasonable attorney fees is the 'lodestar amount' which is

calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods. Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008), citing *Hensley*, 461 U.S. at 433; *see also Coulter v. Tennessee*, 805 F.2d 146, 148 n. 1 (6th Cir. 1986). The resulting sum may need to be adjusted to reflect factors such as the "results obtained." *See Hensley*, 461 U.S. at 434, quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see also, Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 621 (6th Cir. 2007).

Defendant does not dispute that Plaintiff is the prevailing party. (Def.'s Memo. in Opp'n to Pl.'s Mot. for Att'ys Fees at 3). Likewise, Defendant does not dispute that the Lodestar method of computation should be applied to determine any award of attorneys' fees. (*Id*. at 6-7). Further, the parties have stipulated to reasonable hourly rates for Plaintiff's counsel (Doc. 31). Instead, Defendant advances three arguments in support of its contention that the Court should deny Plaintiff's request in its entirety, or alternatively, make an across-the-board reduction by up to 80 percent. First, Defendant argues that the fee should be denied or reduced because of bad faith reasons. Second, Defendant argues the fee should be reduced because Plaintiff was successful on only one of its five claims. Finally, Defendant asserts reduction is warranted because the requested fees are not reasonable. The Court addresses the final argument first and turns next to Defendant's first and second arguments in support of fee reduction.

**A.     Reasonableness of the Requested Fee**

A reasonable fee is "one that is 'adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys.'" *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995), quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984). Defendant bears the burden of proving a reasonable

3

fee, documenting the appropriate hours expended and exercising appropriate "billing judgment." *Hensley*, 461 U.S. at 434, 436.

As set forth *supra*, the starting point for the Court is to identify the number of hours reasonably expended and multiply those hours by a reasonable rate. The parties have stipulated to the reasonableness of the hourly rates charged by Plaintiff's legal team, but dispute the number of hours reasonably expended.

In total, Plaintiff seeks to recover attorneys' fees for 233.5 hours of work as follows: 5.8 hours for work done by senior counsel Kevin Theriot, Esq.; 62.3 hours for work done by co-counsel and local counsel David Langdon, Esq.; 140.1 hours for work done by junior counsel Timothy Chandler, Esq.; and 25.30 hours for work done by paralegal Michele Schmidt.

Of this total, Defendant objects to some of Messrs. Chandler and Langdon's,[1] hours as unnecessary and redundant. (Def.'s Memo in Opp'n to Pl.'s Mot. for Att'ys Fees at 6-18) Specifically, Defendant asserts that the hours requested by Messrs. Chandler and Langdon: (1) are excessive and duplicative (*Id*. at 7-12); (2) reflect excessive conferences (*Id*. at 12-13); and (3) include time entries that are not appropriately billed to Defendant (*Id*. at 13-18).

**1.    Duplicative Work**

Defendant contends that the hours requested should be reduced because the Verified Complaint, Motion for Preliminary Injunction and Memorandum in Support of the Motion for

---

[1] Defendant does not dispute the reasonableness of the time expended by Kevin Theriot or Michele Schmidt. In addition, Defendant does not contest the 58.3 hours Mr. Chandler spent drafting Plaintiff's Reply Brief in support of its Motion for Preliminary Injunction, or the 14.3 hours he spent on Plaintiff's Memorandum in Support of its Motion for Attorney's Fees and Non-Taxable Expenses. The Court also notes that the time expended to prepare the Reply Memorandum in Support of Plaintiff's Motion of Attorneys' Fees and Non-Taxable Expenses (Doc. 39) is also compensable.

4

Preliminary Injunction filed by Plaintiff's counsel are substantially similar to the Verified Complaint and Motion for Preliminary Injunction filed in *Faith Center Church Ministries v. Glover*, No. 3:04-cv-03111-JSW (N.S. Ca. 2004), a factually and legally similar case wherein the plaintiff was represented by Chandler and the Alliance Defense Fund. The Court agrees.

This Court and other Ohio district courts have found that where the prevailing party's counsel has filed similar complaints in other matters, or drafted briefs duplicating the same research, case law and legal arguments filed in other cases, this is a legitimate basis to reduce the party's claimed attorneys' fees as excessive. *See e.g.*, *Estep v. Blackwell*, 2006 WL 3469569, *3 (S.D. Ohio 2006) (Watson, J.) (reducing time spent preparing documents "which to a great percentage [were] duplicative" of pleadings filed by counsel in another case); *Disabled Patriots of America v. Genesis Dreamplex*, 2006 WL 2404140, *4-5 (N.D. Ohio 2006) (imposing a 30% reduction on motion for attorneys' fees because it "closely duplicate[d]" documents filed in similar cases, while refusing to reduce time spent on another document that had some "similarity in content," but was primarily "case specific"); *Disabled Patriots of America v. Cedar Fair*, 2008 WL 408695,*3 (N.D. Ohio 2008) (reducing time spent preparing complaint because it had only one paragraph of unique work product, the rest was "identical to complaints in other cases"); *but see Stahl v. Taft*, 2006 WL 314496, *3 (S.D. Ohio 2006) (Smith, J.) (rejecting the defendants' argument that the attorneys' fees should be reduced because the work is duplicative or similar to work in other cases where the defendants failed to provide any supporting case law for these arguments).

In the instant case, the Court has compared the Verified Complaint and Motion for Preliminary Injunction filed with the Verified Complaint and Motion for Preliminary Injunction

5

filed by Plaintiff's counsel in *Faith Center Church Ministries v. Glover*, and finds that they are similar.  For example, both cases involve identical allegations by the plaintiffs that their free speech and free exercise rights under the First Amendment and their equal protection rights under the Fourteenth Amendment to the United States Constitution were violated by the public libraries' refusal to allow them unfettered access to their meeting rooms.  It is apparent that Plaintiff's counsel here borrowed liberally from the Motion for Preliminary Injunction filed in *Faith Center* when drafting the Memorandum in Support of Plaintiffs Motion for Preliminary Injunction filed in this case.  The legal arguments are nearly identical, and Plaintiff relies on the same case law and direct quotations from this case law in each pleading.  There are, however, notable differences between the pleadings in the two cases.  For example, the factual situations in both cases are distinct, with different plaintiffs seeking to hold different events subject to different meeting room policies. The instant action added a claim under the Ohio Constitution and a Fourteenth Amendment due process claim.  Also, there was a slightly different forum analysis in the instant case than in *Faith Center*, and reliance on Sixth Circuit rather than Ninth Circuit law.

The declarations submitted by Plaintiff's legal team reveal that Mr. Chandler, who was counsel to the plaintiff in *Faith Center*, spent approximately 42.6 hours for work associated with drafting the Verified Complaint, Motion for Preliminary Injunction and Memorandum in Support of Plaintiff's Motion for Preliminary Injunction. (*See* Doc. 32). Plaintiff's senior counsel, Kevin Theriot, spent 2.1 hours reviewing these pleadings. (*See* Doc. 29). Plaintiff's co-counsel, David Langdon, also spent approximately 19.1 hours reviewing and revising these same pleadings. (*See* Doc. 30).  Finally, Paralegal Michele Schmidt spent approximately 6.2 hours reviewing and editing these pleadings along with performing clerical tasks associated with electronic filing. (*See*

Doc. 28).

Considering both the similarities and differences between the pleadings in the two cases, the Court concludes that the 70 hours of combined time spent by Plaintiff's legal team, and specifically, the 61.7 hours of combined time spent by Messrs. Chandler and Langdon on these pleadings is duplicative and excessive. In addition, in light of Mr. Chandler's experience with the legal issues presented and his entries demonstrating that he spent significant time learning the specific facts, the Court is persuaded by Defendant's argument that it was unreasonable for Langdon to spend 19.1 hours reviewing and revising Mr. Chandler's work, especially given Mr. Langdon's failure to offer an explanation to justify this amount. The Court rejects Defendant's request for a 30% reduction and instead finds that a 10% reduction of the hours expended by Messrs. Chandler and Langdon on the pleadings is fair and reasonable under the circumstances. Accordingly, Mr. Chandler's hours shall be reduced by 4.3 hours and Mr. Langdon's hours shall be reduced by 1.9 hours.

  **2. Excessive Conferences**

Next, Defendant objects to "approximately 20.5 hours in fees for conferences [Mr. Langdon] had with other members of the team. (Def.'s Memo. in Opp'n to Pl.'s Mot. for Att'ys Fees at 12-13). Plaintiff disputes the hours calculated by Defendant, claiming the total to be approximately 17 hours. (Pl.'s Reply at 10). The Court has reviewed Mr. Langdon's Declaration, and Plaintiff is correct, the total number of hours in fees for conferences with co-counsel is approximately 17 hours. The Court does not find this total to be unreasonable, especially in light of the low number of hours Mr. Chandler seeks for conferencing with co-counsel and Plaintiff's elimination of all hours spent by Mr. Theriot and Ms. Schmidt conferencing with Plaintiff's

counsel to ensure excessive and duplicative hours are eliminated.

### 3. Inappropriately Billed Time

Defendant also objects to various time entries, claiming that they "are not appropriately billed to Defendant." (Def.'s Memo. in Opp'n to Pl.'s Mot. for Att'ys Fees at 13).

Plaintiff does not object to some of the requested reductions. For example, Plaintiff agrees to a .1 hour reduction for Mr. Langdon's time spent discussing another lawsuit with co-counsel. Plaintiff also agrees to deduct .5 hours of time spent corresponding with the media.[2] Finally, Plaintiff agrees that Mr. Langdon's March 6 entries (involving online ECF training and finalization of complaint and preparation of complaint for filing) are more appropriately billed at the paralegal rate. These entries totaled 1.5 and Plaintiff agrees to reduce them to .3. These agreed upon reductions are now reflected in Mr. Langdon's updated itemized time statement (*See* Doc. 41-1).[3]

In addition to these agreed upon reductions, Defendant also objects to Mr. Langdon's .1 hour entry for the meeting with Mr. Miller regarding a potential case against Defendant before Defendant denied usage of its meeting room. The Court agrees that this 5-minute meeting should be excluded since no cause of action had arisen at the time the meeting took place. *See Cedar Fair*, 2008 WL 408695, at *3 (disallowing recovery for phone calls to client taking place before

---

[2] Although there were objections to two additional entries of time relating to media correspondence, review of the entries and time associated with the entries demonstrates that Mr. Langdon did not request compensation for them.

[3] Defendant also asserts that time spent by Mr. Langdon to review an order by the Court (May 9th entry), communicating with the client (August 25th entry) and conducting legal research (September 2nd entry) should be billed at a reduced rate. The Court disagrees and finds instead that these activities fall within the scope of a lawyer's typical duties in litigating a case.

cause of action arose).

Next, Defendant objects to Mr. Langdon's 1.2 hours spent in consultation with an expert witness regarding Plaintiff's fee motion. (Def.'s Memo. in Opp'n to Pl.'s Mot. for Att'ys Fees at 16-17). Defendant points out that Plaintiff was not required to retain an expert witness given that Defendant agreed to stipulate to the reasonableness of the hourly rates charged by Plaintiff's legal team. (*Id*. at 16, citing Stipulation, Doc. 31). Defendant indicates that Plaintiff's counsel first asked Defendant's counsel whether Defendant would stipulate to the reasonableness of their rates on August 29, 2008, however, Plaintiff's counsel did not actually disclose to Defendant's counsel the rates it sought to recover until September 19, 2008. (*Id*. at 17). In the interim, Plaintiff consulted with an expert witness. The Court agrees with Plaintiff, that the need for consultation with an expert was unnecessary given Defendant's willingness to stipulate to the reasonableness of Plaintiff's counsel's rates. Plaintiff should not be penalized for Defendant's failure to advise Plaintiff's counsel of the rates it sought to recover. Accordingly, the 1.2 hours spent by Mr. Langdon is excluded.

Finally, Defendant objects to the 1.0 hour (.5 hours of time for both Mr. Langdon and Mr. Chandler) spent by Plaintiff's counsel on settlement discussions. (Def.'s Memo. in Opp'n to Pl.'s Mot. for Att'ys Fees at 17-18). Relying on *Imwalle*, Defendant contends that this time is not compensable because the settlement negotiations were not successful. (*Id*., citing *Imwalle*, 515 F.3d at 551). The *Imwalle* Court, however, did not hold that time spent in unsuccessful settlement negotiations should be excluded. 515 F.3d at 551. Instead, the Court merely noted that the district court had "excluded 28.8 hours spent in unsuccessful settlement negotiations and several hours expended by attorneys who, the court concluded, were not sufficiently involved in

9

the litigation to warrant the inclusion of their time." *Id*. The Court did not consider the issue of whether such time is compensable because the exclusion of those fees by the district court was not raised on appeal. *Id*. Other courts have addressed this issue and awarded fees for reasonable time spent on unsuccessful settlement efforts. *See, e.g.*, *Couch v. Continental Casualty Co.*, 2008 WL 131198, *5 (E.D. Ky. 2008) ("This court finds that settlement discussions are an ordinary part of the litigation process. Thus, the court holds that awarding attorney fees incurred as a result of reasonable settlement efforts is proper . . . ."); *Miller v. Holzmann*, 575 F.Supp.2d 2, 29 (D.D.C. 2008) ("[S]ubstantial authority supports relator's claim to compensation for his attorneys' pursuit of settlement, whatever the ultimate outcome.") (citations omitted). Thus, the Court denies Defendant's request to exclude these entries.

**B.     Bad Faith**

Defendant argues that the attorney fee award should be reduced because it "reasonably believes that Plaintiff orchestrated this lawsuit in bad faith with the goal of recovering attorneys' fees to advance its counsel's political agenda . . . ." (Def.'s Memo in Opp'n to Pl.'s Mot. for Att'ys Fees at 3-4). In support of this contention, Defendant cites to a single .1 hour entry on Mr. Langdon's timesheet, dated February 18, 2008, which states "Meeting with David Miller regarding potential case against the Library." (*Id*. at 4, citing Langdon Decl., Ex. A). Defendant contends that because the entry was dated three days after Defendant confirmed in writing that Plaintiff could use one of its meeting rooms for its "Politics and the Pulpit" event and two days before Defendant told Plaintiff that certain aspects of the proposed event conflicted with Defendant's meeting room policy, it demonstrates the lawsuit was filed in bad faith. (*Id.* at 4). Defendant posits: "The fact that Plaintiff would consult with its general counsel about suing the

10

Library *before* it had any cause of action against the Library, or any reason to believe a cause of action was imminent is suspect . . . . This is especially true given the fact that Plaintiff's representative Bruce Purdy, who applied to use the Library's meeting room space on February 13, 2008, affirmatively represented to the Library that he had read its Meeting Room Policy . . . ." (*Id*.). Based upon these assertions, Defendant asks the Court to deny Plaintiff's request for attorneys' fees in its entirety.

"[I]n the absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff" under 42 U.S.C. § 1988. *Morscott, Inc. v. City of Cleveland*, 936 F.2d 271, 271 (6th Cir. 1991) (quotations and citations omitted). "[T]he burden is on the non-prevailing party to make a strong showing that 'special circumstances warrant a denial of fees.'" *Deja Vu of Nashville, Inc. v. Metro Gov't of Nashville & Davidson County*, 421 F.3d 417, 422 (6th Cir. 2005) (citation omitted).

Defendant has not met its burden of showing that special circumstances warrant a denial of fees. Mr. Purdy's review of Defendant's policy prior to consultation with counsel does not, as Defendant suggests, demonstrate bad faith. The policy as written, prohibits "[t]he use of the meeting rooms for . . . religious . . . meetings." (Verified Compl., Ex. 1).[4] Thus, Plaintiff's proposed event violated Defendant's policy as written. The fact that Plaintiff consulted counsel for 5 minutes in anticipation of a rejection to discuss potential recourse if rejected does not support Defendant's accusations of unethical conduct by Plaintiff's counsel. Defendant offers no other evidence in support of its accusations of bad faith other than its own speculation and

---

[4]As noted in this Court's August 14, 2008 Opinion and Order, the Library's actual practice was inconsistent with its articulated policy. Plaintiff, at the time he consulted with counsel, had no basis for being aware of this inconsistency.

therefore fails to meet its burden of showing that special circumstances warrant a denial of fees.

**C.     Limited Success on Claims**

Finally, Defendant argues that the Court should reduce any award of attorneys' fees because Plaintiff failed to obtain all of the relief it sought. (Def.'s Memo. in Opp'n to Pl.'s Mot. for Att'ys Fees at 5). Specifically, Defendant requests that any award of attorneys' fees be reduced by as much as 80 percent because Plaintiff only prevailed on one of its five causes of action. (*Id.*).

As did the *Hensley* Court, this Court rejects this basis for reduction. *Hensley*, 461 U.S. at 435 n.11 ("We agree with the District Court's rejection of a mathematical approach comparing the total number of issues in the case with those actually prevailed on."). The *Hensley* Court explained: "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."*Id*. at 435. Reductions are only appropriate in cases where a plaintiff presents "distinctly different claims for relief that are based on different facts and legal theories" and the plaintiff is only successful on some of those claims. *Id*. at 434.

In the instant case, the Court's failure to reach and Plaintiff's failure to prevail on its alternative claims does not warrant a reduction in attorneys' fees. All of Plaintiff's claims involve both a common set of facts and related legal theories. This case arose out of a single event—Defendant's refusal to allow Plaintiff to hold its "Politics and the Pulpit" event in one of its meeting rooms. This event gave rise to all of Plaintiff's claims, and each claim sought precisely the same relief. Because the Court focuses on the result obtained, and because Plaintiff obtained the result it was seeking, the Court declines to reduce the fee award.

12

## III. CONCLUSION

Because Plaintiff is the prevailing party, it is entitled to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. The Court reduces Mr. Chandler's hours by 4.3 hours and Mr. Langdon's hours by 1.9 hours, because the Court finds these hours to be redundant and unnecessary as set forth *supra* at Section II.A.1. In addition, the Court makes the following reductions for inappropriately billed time: (1) reduction of Mr. Langdon's hours by .1 hours for the meeting with Mr. Miller regarding potential litigation that occurred prior to the time the cause of action arose; and (2) reduction of Mr. Langdon's hours by 1.2 hours for time unnecessarily spent consulting with an attorneys' fees expert. (*See* discussion *supra* at Section II.A.3).

These reductions result in a recalculated total of 135.8 hours for Mr. Chandler and 59.1 hours for Mr. Langdon. When these approved hours are added to the approved hours for Mr. Theriot and Ms. Schmidt and multiplied by the stipulated to hourly rates, the Lodestar amount is $47,786. In addition, Plaintiff is entitled to the $198.29 in non-taxable expenses requested.

Thus, Plaintiff's Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. 21) is **GRANTED IN PART AND DENIED IN PART** for a total of $47,984.29 pursuant to 42 U.S.C. § 1988.

The Clerk shall remove Document 21 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

      */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**